**IN THE COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

**AMY CLANTON**

*Plaintiff,*

v.

**RETRIEVAL-MASTERS CREDITORS BUREAU, INC.** d/b/a AMERICAN MEDICAL COLLECTION AGENCY.,

*Defendant.*
______________________________ /

Case Number: ______________

Division: ______________

**Jury Trial Demanded**

## COMPLAINT

COMES NOW the Plaintiff, **AMY CLANTON**, (**"Ms. Clanton"**), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **RETRIEVAL-MASTERS CREDITORS BUREAU, INC., doing business as AMERICAN MEDICAL COLLECTION AGENCY** (**"AMCA"**) and states as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Ms. Clanton against AMCA for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (**"FDCPA"**).

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d).

3. AMCA is subject to the provisions of the FDCPA and is subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Orange County, Florida, pursuant to Section 47.051, Florida Statutes, because the acts complained of were committed and / or caused by Defendant therein.

## PARTIES

5. Ms. Clanton is a natural person residing in Orange County, Florida and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. AMCA is a Florida corporation with a primary business address of **4 Westchester Plaza, Suite 110, Elmsford, NY 10523.**

7. AMCA's registered agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

8. AMCA is a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. AMCA is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency ("**CCA**") and holds license number CCA0900588. **SEE PLAINTIFF'S EXHIBIT A.**

## FACTUAL ALLEGATIONS

10. In or around October 2014, Ms. Clanton had medical laboratory work done by Laboratory Corporation of America ("**LCA**") for evaluation of her medical conditions and health.

11. Thereafter, LCA alleged $205.42 remained unpaid by Ms. Clanton or her insurance provider (the "**debt**").

12. Because the debt arose from services which were for family, personal, or household purposes, specifically, personal medical services, the debt meets the definition of "debt" within the definition of 15 U.S.C. § 1692a(5).

13. LCA assigned the debt to AMCA for collection.

14. On or about September 22, 2016, AMCA made its initial communication with Ms. Clanton when it mailed a collection letter to her.

15. Ms. Clanton received the letter on or about September 30, 2016.

16. On December 5, 2016, AMCA mailed another collection letter to Ms. Clanton.

17. Both the September 22, 2016 letter and the December 5, 2016 letters stated, in part:

> The disclosures below are required by state or federal law ... Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or a copy of the judgment and mail you a copy of such judgment or verification. **SEE PLAINTIFF'S EXHIBITS B AND C.**

18. The applicable "Federal Law" referenced by each of the letters is 15 U.S.C. 1692g which requires that debt collectors provide consumers with a notice of their rights under the FDCPA either upon initial contact or within five days thereof.

19. Because both letters relate to the same debt, the second letter would confuse and mislead an unsophisticated consumer into believing that Federal or State Law provides that the 30-day validation period began with receipt of both the December 5, 2016 letter and the September 22, 2016 letter when, under 1692g, such period only ran from receipt of the initial letter.

20. Upon information and belief, AMCA's policy is to include a 30-day validation notice in every collection letter it mails out, irrespective of whether it is the initial communication or a subsequent communication.

21. By claiming that such notices are required by law on every letter, AMCA's letters create a false impression as to actual legal rights under the FDCPA.

22. Both letters AMCA sent are "communications" as defined by 15 U.S.C. § 1692a(2).

23. Ms. Clanton has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees.

**COUNT I**
**VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.***

24. Ms. Clanton adopts and incorporates paragraphs 1 - 23 as if fully restated herein.

25. AMCA's conduct violated 15 U.S.C. § **1692e(2)(a)** in that AMCA made a false representation about the legal status of a debt by claiming in December 2016 the 30-day validation period prescribed by the FDCPA was still in effect, when in fact, it had expired in October 2016.

26. AMCA's conduct violated 15 U.S.C. § **1692e and 1692e(10)** in that AMCA used a false, deceptive and/or misleading representation in connection with the collection of a debt by sending collection letters on both September 22, 2016 and December 5, 2016, each indicating that the 30-day validation period began with the receipt of the particular letter when, under the FDCPA, such period only began on receipt of the first letter.

27. AMCA's conduct violated 15 U.S.C. § **1692f** in that AMCA used unfair means to collect a debt by sending collection letters on September 22, 2016 and December 5, 2016, each of which purported that the 30-day validation period pursuant to the FDCPA began with the receipt of the particular letter for the same debt.

28. AMCA's conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Ms. Clanton respectfully requests this Honorable Court enter judgment against AMCA for:

a. Statutory damages of **$1,000**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

c. Such other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

29. Plaintiff hereby demands a trial by jury on all issues.

Respectfully submitted this 10th day of January 2017, by:

/s/ *Thomas M. Bonan*
Thomas M. Bonan
Florida Bar # 118103
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
tbonan@seraphlegal.com
Attorney for Plaintiff